


Jul 08 2024, 9:10 am

**C L E R K**
Indiana Supreme Court
Court of Appeals
and Tax Court

# IN THE
# Court of Appeals of Indiana

Chris A. Kelly,

*Appellant-Defendant*

v.

Indiana Bureau of Motor Vehicles,

*Appellee-Plaintiff*

---

July 8, 2024

Court of Appeals Case No.
23A-CT-2799

Appeal from the Marion Superior Court

The Honorable Kurt M. Eisgruber, Judge

Trial Court Cause No.
49D06-2301-CT-3437

---

**Opinion by Judge Bailey**
Judges Crone and Pyle concur.

Court of Appeals of Indiana | Opinion on Rehearing 23A-CT-2799 | July 8, 2024          Page 1 of 4

**Bailey, Judge.**

[1] The Indiana Bureau of Motor Vehicles ("the BMV") seeks rehearing of our April 29, 2024, published opinion, *Kelly v. Indiana Bureau of Motor Vehicles*, 234 N.E.3d 222 (Ind. Ct. App. 2024), in which we reversed the trial court's order dismissing Kelly's complaint for failure to state a claim. We affirm our opinion but grant rehearing to clarify which statute serves as the basis for Kelly's negligence claim.

[2] Kelly sued the BMV in a Complaint for Damages in which the sole issue he raised was the BMV's alleged negligence in failing to maintain accurate driving records for him, in violation of Article 14 ("Bureau of Motor Vehicles") of Chapter 9 ("Motor Vehicles") of the Indiana Code. Specifically, he alleged that the BMV failed to keep an accurate driving record for him in violation of Indiana Code Sections 9-14-8-1, *et seq.*, 9-14-12-2, and 9-14-12-3, and that failure caused him damages. Our opinion held that Kelly stated a statutory claim for which relief may be granted because Indiana Code Section 9-14-12-3 confers a private right of action regarding individuals' driving records.

[3] In its Petition for Rehearing, the BMV asserts that Kelly did not state a statutory claim because there is no private right of action to challenge a suspension, as such actions must be challenged through the independent enforcement mechanism provided for in Indiana Code Section 9-33-1-1. However, the BMV misunderstands Kelly's underlying statutory claim. Kelly is not challenging the act of suspending his driver's license under Chapter 9,

Article 30 of the Indiana Code, to which the independent enforcement mechanism applies. Rather, Kelly's complaint alleges that the suspension had already been lifted but the BMV failed to keep records accurately reflecting the lifting of the suspension. That claim is raised under Chapter 9, Article 14 of the Indiana Code, to which the independent enforcement mechanism of IC 9-33-1-1 clearly does not apply. Thus, we affirm our opinion that Kelly stated a claim for which relief may be granted, and the trial court erred in dismissing it.[1]

[4] Moreover, we note that if the BMV fails to accurately maintain individuals' records as required by statute, it is not a mere technicality. Such a failure has real-life consequences, especially for the many individuals such as Kelly who have livelihoods that are dependent upon being able to legally drive a vehicle. It is possible that the legislature recognized such potentially life up-ending consequences of an incorrect driving record when it chose not to apply the independent enforcement mechanism of Indiana Code Section 9-33-1-1 to Chapter 9, Article 14.

---

[1] As we noted in our published opinion, in addition to stating a statutory claim, Kelly alleged that the BMV "breached the duty of care [it is] required to provide." App. at 9. Whether or not he thereby also stated a common-law claim for negligence is of no consequence at this stage of the proceedings, as he clearly stated a statutory negligence claim. *See Winters v. Pike*, 171 N.E.3d 690, 697 (Ind. Ct. App. 2021) ("Indiana's notice pleading system does not require a pleading to adopt a specific legal theory of recovery to be adhered to throughout the case; rather, Indiana Trial Rule 8 merely requires pleading the operative facts so as to place the defendant on notice concerning the evidence to be presented at trial."). Footnote 8 in our original opinion was dicta to the extent it discussed a potential existing common-law claim in this case. However, to avoid confusion, we strike footnote 8 from our prior opinion.

We grant the BMV's petition for rehearing, strike footnote 8 from our original opinion, and affirm our original opinion in all other respects.

Crone, J., and Pyle, J., concur.

ATTORNEY FOR APPELLANT

Daniel K. Burke
DKB Legal LLC
Carmel, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Indiana Attorney General

Frances Barrow
Supervising Deputy Attorney General
Indianapolis, Indiana